IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEGACY HEALTH; LEGACY GOOD
SAMARITAN HOSPTIAL AND
MEDICAL CENTER; LEGACY MOUNT
HOOD MEDICAL CENTER; LEGACY
MERIDIAN PARK HOSPITAL dba
LEGACY MERIDIAN PARK MEDICAL
CENTER; and LEGACY EMANUEL
HOSPITAL & HEALTH CENTER dba
LEGACY EMANUEL MEDICAL
CENTER,

                    Plaintiffs,

    v.

VAL HOYLE, in her official capacity as
Commissioner of the Oregon Bureau of
Labor and Industries; DUKE SHEPARD, in
his official capacity as Deputy Commissioner
of the Oregon Bureau of Labor and Industries;
and OREGON BUREAU OF LABOR AND
INDUSTRIES,

                    Defendants.

No. 3:22-cv-00573-HZ

OPINION & ORDER

Paula A. Barran
Richard C. Hunt
Barran Liebman LLP
601 SW Second Avenue
Portland, OR 97204

      Attorneys for Plaintiffs

Alexander Charles Jones
Brian Simmonds Marshall
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiffs Legacy Health, Legacy Good Samaritan Hospital and Medical Center, Legacy

Mount Hood Medical Center, Legacy Meridian Park Hospital, and Legacy Emanuel Hospital &

Health Center bring this action against Defendants the Oregon Bureau of Labor and Industries

("BOLI"), Val Hoyle in her official capacity as Commissioner of BOLI, and Duke Shepard in his

official capacity as Deputy Commissioner of BOLI. Plaintiffs bring a claim seeking a declaratory

judgment that declares a BOLI administrative rule—Oregon Administrative Rule ("O.A.R.")

839-020-0050—to be invalid. Plaintiffs also seek a declaration under 42 U.S.C. § 1983 that

Defendants violated their employees' First Amendment rights, violated the Eighth Amendment

Excessive Fines Clause, and violated the Fourteenth Amendment Equal Protection Clause by

enforcing O.A.R. 839-020-0050 against them.

      Defendants move to dismiss all claims under Federal Rule of Civil Procedure 12(b)(1),

asserting: (1) the claims against them are barred by sovereign immunity; (2) the Court should

abstain under *Younger v. Harris*, 401 U.S. 37 (1971); and (3) Plaintiffs lack standing to assert

their First Amendment claim. Defendants further move to dismiss on the grounds that Plaintiffs

fail to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendants' motion.

## BACKGROUND

Oregon Revised Statute § ("O.R.S.") 653.261(1)(a) authorizes the BOLI Commissioner to "adopt rules prescribing such minimum conditions of employment . . . in any occupation as may be necessary for the preservation of the health of employees." Such rules may include "minimum meal periods and rest periods, and maximum hours of work[.]" O.R.S. 653.261(1)(a). The rules "regarding meal periods and rest periods do not apply to nurses who provide acute care in hospital settings if provisions of collective bargaining agreements entered into by the nurses prescribe rules concerning meal periods and rest periods." O.R.S. 653.261(3).

Pursuant to O.R.S. 653.261, BOLI adopted an administrative rule "to prescribe minimum meal periods and rest periods for the preservation of the health of employees." O.A.R. 839-020-0050(1). O.A.R. 839-020-0050(2) states:

> (a) Except as otherwise provided in this rule, every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.
> . . .
> (c) An employer is not required to provide a meal period to an employee for a work period of less than six hours. When an employee's work period is more than eight hours, the employer shall provide the employee the number of meal periods listed in Appendix A of this rule.[1]
> (d) Timing of the meal period: If the work period is seven hours or less, the meal period is to be taken after the conclusion of the second hour worked and completed prior to the commencement of the fifth hour worked. If the work period is more than seven hours, the meal period is to be taken after the conclusion of the third hour worked and completed prior to the commencement of the sixth hour worked.

---

[1] When the length of the work period is between ten and fourteen hours, employees must receive at least three rest breaks and one meal break. O.A.R. 839-020-0050, Appendix A. When employees work between fourteen and twenty-hours, they must receive at least two meal breaks. Appendix A does not specify the timing of those breaks.

The administrative rule allows an exception to the prescribed meal and rest periods for employees who are subject to a collective bargaining agreement. *See* O.A.R. 839-020-0050(7) ("The provisions of this rule regarding meal periods and rest periods may be modified by the terms of a collective bargaining agreement if the provisions of the collective bargaining agreement entered into by the employees specifically prescribe rules concerning meal periods and rest periods.").

Plaintiffs are a group of hospitals who employ nurses to work 12-hour shifts. First Amended Complaint ("FAC") ¶ 24, ECF 13. The nurses who work in Plaintiffs' hospitals do not belong to unions and are not under a collective bargaining agreement. Because shifts start early in the workday, the parties assert that under O.A.R. 839-020-0050, nurses must take their lunch breaks within a two-hour window during the mid-morning. FAC ¶ 26. Plaintiffs claim that the rule requires nurses they employ to take their meal breaks early in their shifts rather than midway through, which leads to physical discomfort and hunger during the later portions of their shifts. FAC ¶ 26.

On February 26, 2019, a group of nurses who work for Plaintiffs met with Defendant Shepard to bring attention to the burden that that BOLI's meal timing rules creates for them. FAC ¶ 184; Shepard Decl. ¶ 2, Ex. 1, ECF 15. Plaintiffs claim that Defendant Shepard provided "erroneous and incomplete information about how to address a change in the meal timing rules and constraints." FAC ¶ 184. In doing so, according to Plaintiffs, Defendant Shepard "caused the nurses to understand that the only remedy for their concerns was to join a union." FAC ¶¶ 66, 185.

On April 16, 2019, BOLI served Plaintiffs Good Samaritan Hospital, Mount Hood Medical Center, and Meridian Park Hospital each with a Notice of Intent to Assess

Penalties ("NOI") for 5,156 alleged violations of O.R.S. 653.261.[2] FAC ¶ 42. Then on

December 21, 2021, while the proceedings were pending, BOLI served new NOIs on the

three Plaintiff hospitals as well as Plaintiff Legacy Emanuel Hospital. FAC ¶ 48. BOLI

seeks penalties totaling $8,727,000 from the four entities. FAC ¶ 48. On January 4, 2022,

each Plaintiff hospital filed an answer to the respective NOI, raising defenses that include

Defendants' violation of the Eighth Amendment Excessive fines clause, preemption by

federal statutes, and Defendants' failure to follow the proper rulemaking requirements.

Jeffries Decl. Ex. 1-4, ECF 16. Hearings in the enforcement proceedings are scheduled in

February, March, and April 2023. Jeffries Dec. Ex. 5.

## STANDARDS

### I.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1)

addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden

of proving that the court has subject matter jurisdiction over their claims. *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional

allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*,

503 F.3d 974, 979-80 (9th Cir. 2007) (the court treats a motion attacking the substance of a

complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106

F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can

attack the substance of a complaint's jurisdictional allegations despite their formal

---

[2] Under O.R.S. 653.356(1), the BOLI Commissioner "may assess a civil penalty not to exceed $1,000" against persons or entities who violated O.R.S. 653.261.

sufficiency[.]") (internal quotation omitted). Additionally, when ruling on a motion under Rule 12(b)(1), the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

A challenge to standing is appropriately raised under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)") (emphasis omitted); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.").

## II.      Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id*. at 679.

## DISCUSSION

On their first claim for declaratory relief, Plaintiffs assert six reasons why the Court should find O.A.R. 839-020-0050 invalid: (1) the rule is preempted by the National Labor Relations Act; (2) the rule is preempted by other federal regulations, including rules governing Medicare and Medicaid funding; (3) BOLI failed to follow proper rulemaking requirements under state law; (4) the rule exceeds the scope of BOLI's state statutory authority; (5) the rule conflicts with state rules governing hospitals and nurses; and (6) the rule as drafted and as applied, fails to consider critical healthcare needs during a public health emergency.[3] On their second claim under 42 U.S.C. § 1983, Plaintiffs assert that O.A.R. 839-020-0050 violates the Eighth Amendment by imposing excessive fines and violates their employees' equal protection rights under the Fourteenth Amendment. Lastly, Plaintiffs claim that Defendant Shepard violated the First Amendment rights of some of their employees when he provided them false information that prevented them from exercising their right to petition the government.

---

[3] Plaintiffs allege that O.A.R. 839-020-0050 is invalid on its face. Whether BOLI interpreted the rule correctly and whether the mealtime restrictions, as stated in O.A.R. 839-020-0050(2)(d), apply to employee shifts longer than eight hours are not subjects of this litigation.

Defendants moves to dismiss all claims under Rule 12(b)(1) because of state sovereign immunity, *Younger* abstention, and lack of standing and ripeness. Defendants also move to dismiss for failure to state a claim under Rule 12(b)(6).

## I.    Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to also bar federal suits brought against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *see Employees of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another state."). Thus, the Eleventh Amendment stands "for the constitutional principle that state sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64 (1996). Under that principle, "[s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

### A.    Claims Against BOLI

Under state sovereign immunity, state agencies cannot be sued in federal court because such suits are "in fact against the state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In other words, "a suit in which the State *or one of its agencies* is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (emphasis added). The Oregon Bureau of Labor and Industries or "BOLI" is "an agency of the state of Oregon." FAC ¶ 19. Thus, unless

Oregon has consented to be sued in federal court, BOLI is not a proper defendant in this case, and all claims against BOLI must be dismissed.

Plaintiffs argue that by enacting the Oregon Tort Claims Act ("OTCA"), the state has waived sovereign immunity. But even if the state has waived immunity to be sued in its own courts, the Eleventh Amendment remains a constitutional limit on federal judicial power. "[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in federal courts." *Pennhurst*, 465 U.S. at 99 n.9. To waive constitutional protection under the Eleventh Amendment, a state's consent must be unequivocally expressed. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The OTCA provides a limited waiver of Oregon's sovereign immunity for the torts of its officers, employees, and agents acting within the scope of their employment or duties. *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013) (citing O.R.S.  30.265(1)). But by enacting the OTCA, Oregon did not waive its Eleventh Amendment immunity to suit in federal court. *Id.* Accordingly, all claims in this Court brought against BOLI are dismissed.

### B.    Claims Against Individual State Defendants

The Eleventh Amendment generally bars suits in federal court brought under state law against state officials in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself."). But Federal courts have long recognized an exception to Eleventh Amendment sovereign immunity when federal claims are brought against state officials in their official capacities seeking prospective relief. *Ex parte Young*, 209 U.S. 123 (1908). The Eleventh Amendment does not bar federal courts from granting prospective relief to prevent state officials from violating or continuing to violate federal law. *Green*, 474 U.S. at 68. Similarly,

state officials sued in their official capacities for prospective relief, rather than compensatory damages, are considered "persons" under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Accordingly, Plaintiffs' § 1983 claims and their claims that the BOLI rule is invalid under federal law are not barred by the Eleventh Amendment.

However, the *Ex parte Young* exception does not apply to state-law claims brought in federal court against state officials. *Pennhurst*, 465 U.S. at 106. Thus, Eleventh Amendment sovereign immunity applies to such claims. In other words, "the eleventh amendment bars suits in federal court, for both prospective and retrospective relief, brought against state officials acting in their official capacities alleging a violation of *state law*." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) (citing *id.*) (emphasis added).

Counts three through six of Plaintiffs' first claim allege that the BOLI rule is invalid under state law. In the third and fourth counts, Plaintiffs allege that BOLI failed to follow state rulemaking procedures and that the rule BOLI enacted exceeds its statutory authority under O.R.S. 653.261. The fifth and sixth counts allege that the BOLI rule does not comply with state hospital rules and fails to consider the state-declared public health emergency. Under *Pennhurst*, Plaintiffs cannot bring claims in federal court seeking to enjoin Defendants from enforcing the BOLI rule on the basis that it violates state law.

*Ex parte Young* only allows prospective relief against state officials to vindicate rights under federal law. *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005) (citing *Pennhurst*, 465 U.S. at 104). But state officials sued in their official capacities maintain Eleventh Amendment immunity from claims for prospective relief that would instruct them "on how to

conform their conduct to state law." *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1258 (D. Or. 2021). Accordingly, Plaintiffs' claims for declaratory and prospective relief against Defendants Hoyle and Shepard in their official capacities that are based on state law are barred by sovereign immunity. Counts three through six of Plaintiffs' first claim are dismissed.

## II.    *Younger* Abstention

Absent exceptional circumstances, federal courts must abide by "the fundamental policy against federal interference with state criminal proceedings. *Younger*, 401 U.S. at 46. "When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Along with state criminal proceedings, the *Younger* abstention doctrine extends to state civil enforcement proceedings that are "akin to criminal prosecutions." *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). *Younger* abstention applies to civil proceedings when vital state interests are involved, such as proceedings for the vindication of important state policies. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

For *Younger* abstention to apply to parallel state civil proceedings, the proceedings must (1) be ongoing, (2) be quasi-criminal enforcement actions, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If all these elements are met, and no exceptions to *Younger* abstention are present, then the federal court should abstain if the plaintiff's requested relief would have the effect of enjoining the state proceedings. *Id.*

The Court first notes that the BOLI administrative enforcement proceedings against Plaintiff hospitals are ongoing. BOLI sent each Plaintiff a Notice of Intent to Assess Penalties on December 21, 2021, before this case was filed in April 2022. Hearings on the enforcement

actions are scheduled to be held February, March, and April 2023. Plaintiffs argue that there is no ongoing state proceeding from which the Court should abstain because the state administrative law judge did not issue notices of hearings until after Plaintiffs filed this federal suit. The Court disagrees and finds that the state administrative proceedings commenced after BOLI issued the NOIs and Plaintiffs had the opportunity to answer in January 2022, months before they filed this federal action.

Regardless, the appropriate inquiry for Younger abstention is not whether initiation of state court proceedings preceded commencement of the federal case. Rather, state proceedings are ongoing if they began "before *any proceeding of substance on the merits* have taken place in federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (emphasis added). Here, as the Court is entertaining a motion to dismiss at the pleading stage, the federal proceedings have not "moved beyond an embryonic stage." *Hoye v. City of Oakland*, 653 F.3d 835, 844 (9th Cir. 2011) (citation omitted). Because the state BOLI enforcement proceedings are ongoing, the first element for *Younger* abstention is met.

Second, the BOLI proceedings against Plaintiffs harbor all of the characteristics of quasi-criminal proceedings that would counsel the Court to abstain under *Younger*. State civil enforcement actions are "quasi-criminal" if the actions "are initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." *Sprint Commc'ns*, 571 U.S. at 79. Such quasi-criminal proceedings are typically brought by state actors to enforce state law, involve investigations, and result in the filing of formal charges. *Id.*

BOLI, a state agency, initiated the enforcement action after it investigated Plaintiffs' alleged violations of the meal and rest break rule under O.A.R. 839-020-0050. BOLI seeks penalties of more than $8,000,000 from the four entities. Contested case hearings have been

scheduled before an administrative law judge for the state enforcement actions against each Plaintiff. Thus, these state civil proceedings are "akin to criminal prosecutions" in all important respects. *Huffman*, 420 U.S. at 604; *see Middlesex*, 457 U.S. at 432 (holding *Younger* abstention appropriate where "noncriminal proceedings bear a close resemblance to proceedings criminal in nature").

Third, the BOLI civil enforcement proceedings implicate important state interests. *See Schwartzmiller v. Roberts*, Civ. No. 93-1276-FR, 1994 WL 48967, at *2 (D. Or. Feb. 11, 1994) ("The assessment of civil penalties against non-complying employers is an integral part of the enforcement scheme of the State of Oregon."). "Where a state is in an enforcement posture in state proceedings . . . the state's vital interest in carrying out its executive functions is presumptively at stake." *Potrero Hills Landfill, Inc. v. Cnty. of Solana*, 657 F.3d 876, 883-84 (9th Cir. 2011). BOLI promulgated its meal and rest period rule under state statutory authority to promote the health of employees. Enforcement of the rule through formal enforcement proceedings serves an important state interest, which warrants abstention under *Younger*.

Fourth, Plaintiffs have a full and fair opportunity to litigate their federal claims in the state court proceedings. Plaintiffs' Complaint asserts that the BOLI rule is preempted by the National Labor Relations Act and federal regulations applying the Medicare and Medicaid statutes. Plaintiffs also claim that BOLI's enforcement of the rule against them violates the Eighth Amendment Excessive Fines Clause and the Fourteenth Amendment Equal Protection Clause. Plaintiffs do not show that they are unable raise these claims in the state enforcement proceedings. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) (holding that the burden of showing that state procedures bars presentation of the federal claims rests with the

federal plaintiff). Plaintiffs, in fact, have already raised their Eighth Amendment claim and their preemption claims in their answers to the NOIs imposed by BOLI. *See* Jeffries Decl. Ex. 1-4.

When federal claims may be raised in state-court judicial review of the administrative proceedings, the opportunity to litigate in state court is sufficient to justify *Younger* abstention. *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986). After BOLI has held contested case hearings on this matter, Plaintiffs may seek judicial review of the agency's determination with the Oregon Court of Appeals. *See* O.R.S. 183.480(1) ("[A]ny person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of the final order[.]"); O.R.S. 183.482 ("Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for judicial review shall be instituted by filing a petition in the Court of Appeals."). Upon petition to the Oregon Court of Appeals, Plaintiffs may challenge the validity of the rule, including whether it "[v]iolates constitutional provisions," "[e]xceeds statutory authority of the agency," or "[w]as adopted without compliance with applicable rulemaking procedures." O.R.S. 183.400(4)(a)-(c). Plaintiffs have already filed a separate but related petition for judicial review of O.A.R. 839-020-0050 with the Oregon Court of Appeals. FAC ¶ 1, n.1.

Thus, Plaintiffs have ample opportunity to raise challenges to the rule and its enforcement against them in state administrative and judicial proceedings. Plaintiffs may raise their arguments under both state law and federal law in those proceedings. *See Beaver Creek Co-op. Tel. Co. v. Public Util. Comm'n*, 182 Or. App. 559, 574, 50 P.3d 1231, 1239 (2002) (finding authority under O.R.S. 183.400 to review a challenge to a state administrative rule on the grounds that the rule was preempted by federal law). Under such conditions and because the state proceedings are ongoing, the Court finds *Younger* abstention appropriate.

Finally, no exceptions to *Younger* abstention apply here. Even where the *Younger* elements are met, a court may intervene in an ongoing state proceeding if the plaintiff can show "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. The Supreme Court has held that a federal district court should exercise jurisdiction when a state's repeated prosecutions constitute "bad faith and were taken as a means of harassing the federal-court plaintiffs." *Huffman*, 420 U.S. at 602 (citing *Dombroski v. Pfister*, 380 U.S. 479 (1965)). But, as here, when the state is engaged in a single, ongoing prosecution of the federal plaintiffs, "the cost, anxiety, and inconvenience of having to defendant" against that prosecution does not "justify federal interference." *Id.* (citing *Younger*, 401 U.S. at 46).

Plaintiffs, in a conclusory manner, allege that BOLI has acted in bad faith by bringing civil enforcement proceedings against them under O.A.R. 839-020-0050. For example, Plaintiffs contend that BOLI acted in bad faith "in exceeding its statutory authority," "arbitrarily imposing the maximum regulatory penalty," "[f]ailing to follow rulemaking procedures," and "[i]mposing meal and break rules that conflict with Oregon State Board of Nursing Regulations." FAC ¶ 81. These allegations simply restate Plaintiffs' claims without alleging additional facts that show bad faith. Plaintiffs also claim BOLI "engag[ed] in prosecutorial misconduct" and "impos[ed] fines and threats of future fines for political reasons." FAC ¶ 81. But again, Plaintiffs allege no facts to support these conclusory statements. Plaintiffs' primary claim is that the BOLI rule itself is invalid on its face. And "facial invalidity of a statute is not itself an exceptional circumstance justifying federal interference with state [] proceedings." *Huffman*, 420 U.S. at 602.

Plaintiffs present no exceptional circumstances that overcome the Courts duty to abstain when the *Younger* elements have been met. Accordingly, the Court abstains under *Younger*. All

of Plaintiffs' claims based on BOLI's action of enforcing O.A.R. 839-020-0050—namely, Plaintiffs' claim that the BOLI is invalid and their § 1983 claims under the Eighth and Fourteenth Amendments—are dismissed.

### III.    First Amendment Claim

Plaintiffs' sole remaining claim alleges that Defendant Shepard violated the First Amendment rights of certain nurses who expressed concerns and sought information about changing their mealtime rules. Plaintiffs bring this claim under 42 U.S.C. § 1983 seeking declaratory relief against BOLI and against Defendants Shepard and Hoyle in their official capacities. As noted in I., *supra*, BOLI is protected against this claim by Eleventh Amendment sovereign immunity. The individual Defendants argue that Plaintiffs lack standing and do not allege facts that support a plausible First Amendment claim.

### A.    Standing

Determining whether a plaintiff has standing involves both constitutional and prudential considerations. *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 488 (9th Cir. 1996). Federal courts have limited jurisdiction, and as a preliminary matter, a plaintiff must satisfy the Article III "case or controversy" requirement to maintain a claim in this forum. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Along with Article III requirements, federal courts have imposed prudential limitations that may defeat a party's standing. *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987). The Court finds that Plaintiffs lack both Article III and prudential standing to assert their First Amendment claim.

          i.     *Article III Standing*

"Standing is a core component of the Article III case or controversy requirement." *Barnum Timber Co. v. EPA*, 633 F.3d 894, 897 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The "irreducible constitutional minimum of standing" requires that the plaintiff has (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan*, 504 U.S. at 560. To establish an injury in fact, a plaintiff must show that "he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (internal quotation and citation omitted). At the motion to dismiss stage, a plaintiff need only "show that the facts alleged, if proved, would confer standing." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

Plaintiffs' First Amendment claim alleges: "Defendant Deputy Commissioner Shepard interfered with Plaintiffs' employees in their exercise of their First Amendment right by, among other things, providing erroneous and incomplete information and leaving Plaintiffs' employees with the clear impression that they must join a union in order to address their concerns." FAC ¶ 185. As Plaintiffs claim that Defendant Shepard's actions prevented their employees from petitioning the government for redress of their grievances, they have adequately alleged an injury, which is traceable to Defendant Shepard.[4] But the alleged injury is not redressable by the relief Plaintiffs seek.

---

[4] Because Plaintiffs assert no action on the part of Defendant Hoyle that violated their First Amendment rights, they have not stated an injury-in-fact that is fairly traceable to her. Thus, Plaintiffs lack Article III standing to bring a First Amendment claim against Defendant Hoyle.

A plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). Because Plaintiffs seek only prospective relief, they "must demonstrate a real or immediate threat" of ongoing or future irreparable injury. *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) (quoting *Cole v. Oroville Union High Sch.* 228 F.3d 1092, 1100 (9th Cir. 2000)). A chilling of First Amendment rights can constitute a cognizable injury, so long as the chilling effect is not "based on a fear of future injury that itself is too speculative to confer standing." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 826 (9th Cir. 2020) (internal quotation and citation omitted). But "[p]ast exposure to illegal conduct does not in itself show a present case or controversy" for prospective relief "if unaccompanied by any continuing, adverse effect." *Lyons*, 461 U.S. at 102. And plaintiffs who claim ongoing or threatened future injury must present "concrete evidence to substantiate their fears." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420 (2013).

The alleged violation of Plaintiffs' employees' First Amendment rights occurred when Defendant Shepard gave those employees false information during a February 2019 meeting. According to Plaintiffs, that false information prevented their employees from exercising their First Amendment right to petition the government. But Plaintiffs do not plausibly allege that their employees' speech remains chilled. Even if Defendant Shepard gave them false information, Plaintiffs have shown that they know the information to be incorrect and that their employees are not prohibited from exercising their First Amendment rights. Nor do Plaintiffs allege that Defendant Shepard has had any further contact with those employees or that any

future meetings are planned. Thus, Plaintiffs assert no facts that show an ongoing or impending threat of future injury.

Plaintiffs' requested relief—a declaration that Defendants violated their employees' constitutional rights—would not redress their injuries and cannot confer standing. *See Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction.*"*). Standing to seek a declaratory judgment requires that the judgment compel the defendant to take some action that would redress the plaintiff's injuries. *Mayfield v. United States*, 599 F.3d 964, 972 (9th Cir. 2010); *see Bayer*, 861 F.3d at 868 (citation omitted) ("[W]hat makes [a court's holding] a proper judicial resolution of a case or controversy rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.").

Plaintiffs do not show how their employees' constitutional rights would be vindicated by a declaration that Defendants violated their First Amendment rights in the past. Nor do Plaintiffs allege ongoing or future threats of First Amendment violations by Defendants. Accordingly, Plaintiffs lack constitutional standing to seek declaratory relief on their First Amendment claim.

                    ii.    *Prudential Standing*

Plaintiffs bring their First Amendment claim to vindicate the rights of their employees. Prudential limitations to standing generally "require that parties assert their own rights rather than rely on the rights or interests of third parties." *Hong Kong Supermarket*, 830 F.2d at 1081. Notwithstanding certain exceptions, courts generally do not recognize a party's standing to bring suit on behalf of another. *Id.* Third-party standing is only available when a plaintiff shows: (1) a close relationship and alignment of interests with the non-party and (2) a hinderance to the non-

party's ability to assert their own rights. *Singleton v. Wulff*, 428 U.S. 106, 114-15 (1976). Federal courts are typically reluctant to grant third-party standing. *Hong Kong Supermarket*, 830 F.2d at 1081.

Plaintiffs plausibly allege that in regard to the BOLI meal and rest break rule, their interests closely align with their employees' First Amendment right to seek relief from rule. But Plaintiffs do not describe any hindrance to their employees' ability to seek redress for violations of their own constitutional rights. Thus, Plaintiffs lack both constitutional and prudential standing to bring a § 1983 claim seeking a declaratory judgment that Defendants violated their employees' First Amendment rights.

In summary, Plaintiffs' claims cannot proceed in this Court because (1) Eleventh Amendment sovereign immunity bars claims against Defendant BOLI, and under *Pennhurst*, also bars claims based on state law against Defendant Hoyle and Defendant Shepard; (2) the Court must abstain from adjudicating claims related to BOLI's ongoing civil enforcement proceeding under *Younger*; and (3) Plaintiffs lack standing to bring a First Amendment claim against Defendant Shepard on behalf of their employees. Because the Court dismisses all of Plaintiffs' claims for lack of subject matter jurisdiction under Rule 12(b)(1), it declines to address the sufficiency of the claims under Rule 12(b)(6).

///

///

///

///

///

///

**CONCLUSION**

Defendants' Motion to Dismiss [14] is GRANTED and this action is dismissed without prejudice.

IT IS SO ORDERED.


DATED: <u>January 3, 2023</u>.



_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge